13-182-cv
O'Hara v. Bechtel Construction

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand thirteen.

Present:        ROSEMARY S. POOLER,
                REENA RAGGI,
                RICHARD C. WESLEY,
                        *Circuit Judges*.

_____

STEVEN M. O'HARA, KATHLEEN R. O'HARA,

                *Plaintiffs-Appellants*,

                -v-                                     13-182-cv

BECHTEL CONSTRUCTION, INC., BECHTEL ENVIRONMENTAL
SAFETY & HEALTH, BECHTEL GROUP INC.,

                *Defendants*,

AMEC CONSTRUCTION MANAGEMENT, INC., AMEC EARTH AND
ENVIRONMENTAL, BOVIS LEND LEASE LMB, INC., F/K/A LEHRER
MCGOVERN BOVIS, INC., TULLY CONSTRUCTION CO., INC., TURNER
CONSTRUCTION COMPANY,

                *Defendants-Appellees*.

_____

Appearing for Appellants:        Alexander Wulwick (Stephen M. Cantor, *on the brief* ), New York, N.Y.

Appearing for Appellees:        James E. Tyrrell, Jr. (Joseph E. Hopkins, Alyson N. Villano, *on the brief*), Patton Boggs LLP, Newark, N.J.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Steven M. O'Hara and Kathleen R. O'Hara (collectively, "O'Hara") appeal from the January 2, 2013 judgment of the District Court for the Southern District of New York (Hellerstein, *J.*), granting a motion for summary judgment brought by Defendants-Appellees AMEC Construction Management, Inc., AMEC Earth and Environmental, Bovis Lend Lease LMB Inc., Tully Construction Co. Inc., and Turner Construction Company, Inc. (collectively, "AMEC"). At issue on appeal is whether the district court correctly determined that O'Hara's claims were time-barred. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The parties agree on the legal framework applicable in this case. Section 408(b)(2) of the Air Transportation Safety and System Stabilization Act mandates that New York substantive law governs O'Hara's personal injury claims. The claims are therefore subject to a three year statute of limitations. N.Y. C.P.L.R. § 214(5). Further, because O'Hara's claims are brought pursuant to his allegation that the injuries that he suffers from are the result of exposure during his work at the World Trade Center site in the weeks following the 9/11 attacks, "the three year period within which an action . . . must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff." N.Y. C.P.L.R. § 214-c(2). New York's Court of Appeals holds that the date of discovery of an injury is the "discovery of the condition on which the claim was based and nothing more." *Matter of New York County DES Litig.*, 89 N.Y.2d 506, 513 (1997). Finally, O'Hara's claim was brought on June 22, 2011, meaning that for O'Hara's claim to be timely, O'Hara must not have discovered, or could not have discovered with reasonable diligence, the injuries on which his claim is based prior to June 22, 2008.

We affirm the district court's determination that O'Hara was aware of the conditions on which his claim was based prior to June 22, 2008. As the district court noted, O'Hara was diagnosed numerous times with respiratory problems prior to 2008. Significantly, O'Hara also conceded that he began experiencing symptoms including shortness of breath, wheezing, and nonproductive coughing before 2008 as well. On appeal, O'Hara has apparently abandoned any claim not associated with his respiratory problems.

We have considered the remainder of O'Hara's remaining arguments and find they are without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2